## EX PARTE LOUBRIEL.

### APPEAL from the District Court of San Juan.

No. 115.—Decided April 7, 1904.

DOMINION TITLE—POSSESSION TO ACQUIRE THE SAME—GOOD FAITH—PROPER TITLE—ORDINARY PRESCRIPTION.—Quiet and peaceable possession for twenty years is not sufficient in itself to acquire the ownership of real estate

de los inmuebles, pues además es necesaria la buena fe y justo título,
presumiéndose la primera y siendo necesario probar el último.

## EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San
Juan por Don Manuel Loubriel y Cabrera, por sí y en repre-
sentación de sus hermanos Doña Carmen, Doña Trinidad,
Doña Providencia y Don Agustín Loubriel y Cabrera y Don
Segundo Loubriel y Fonseca, como herederos de su difunto
padre Don Modesto Loubriel, sobre declaratoria de dominio
de varias fincas urbanas: autos pendientes ante nos á virtud
del recurso de apelación interpuesto por el promovente con-
tra la sentencia pronunciada por el referido Tribunal de Dis-
trito, que copiada á la letra dice así:

"Veinte y uno de Agosto de mil novecientos tres. Dada cuenta
con este expediente promovido por Don Manuel Loubriel y Cabrera,
por sí y en representación de sus hermanos Doña Carmen, Doña
Trinidad, Doña Providencia y Don Agustín Loubriel y Cabrera, y
Don Segundo Loubriel Fonseca, sucesores del finado Don Modesto
Loubriel, sobre el dominio de varias fincas urbanas sitas en el pueblo
de Bayamón.

*Resultando*: que en veinte y siete de Enero último acudió á este
Tribunal el citado Loubriel manifestando que poseyendo la menciona-
da sucesión de su padre una casa con su solar en la calle del "Rey"
del indicado pueblo, otro solar con dos casas en la calle de la "Santa
Cruz" del mismo pueblo, y otro solar en la propia calle, con una tira
de terreno á su fondo, carecía de título escrito de las referidas fincas,
no habiéndolo tenido tampoco su finado padre Don Modesto, fallecido
el veinte y cinco de Agosto del año próximo pasado, por lo que pro-
movía el oportuno expediente á tenor de lo dispuesto en los artículos
395 y siguientes de la Ley Hipotecaria, con el fin de justificar el
dominio de dichas fincas, á cuyo efecto pedía se le admitiesen las
pruebas que estaba dispuesto á ofrecer con audiencia del Ministerio
Fiscal y citación de los anteriores dueños y colindantes.

*Resultando*: que en dicho escrito manifestó haber adquirido la
sucesión Loubriel dichas fincas por herencia de su causante Don
Modesto, quien hubo la primera por herencia de su hijo Don Alberto

by ordinary prescription, since good faith and a proper title are also required, the former being presumed and it being necessary to prove the latter.

## STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Manuel Loubriel y Cabrera on his own behalf and as the representative of his sisters and brothers, Carmen, Trinidad, Providencia, and Agustín Loubriel y Cabrera and Segundo Loubriel y Fonseca, as heirs of their deceased father, Modesto Loubriel, to obtain a declaration of ownership to various urban estates. The case is pending before us on an appeal prosecuted by the petitioner from a judgment rendered by the said district court, which reads as follows:

"August 21, 1903. This proceeding instituted by Manuel Loubriel y Cabrera, on his own behalf and as the representative of his sisters and brothers, Carmen, Trinidad, Providencia and Agustín Loubriel y Cabrera, and Segundo Loubriel Fonseca, successors of Modesto Loubriel, deceased, concerning the ownership of various urban estates situated in the town of Bayamón, came on to be heard.

"On the 27th of January last the said Loubriel applied to this court, stating that the said estate of his father possessed a house and lot on Rey street in said town, and another lot with two houses on Santa Cruz street in the same town, and another lot in the same street with a strip of land in the rear thereof; that he had no written title to the said estates, and that his late father, Modesto, who died on the 25th of August of last year, likewise had no written title; and that he therefore instituted the proper proceedings in accordance with the provisions of article 395 *et seq.* of the Mortgage Law, to establish his ownership of said estates, for which purpose he prayed that the evidence which he was ready to offer be admitted, with a hearing of the Department of Justice and citation of the former owners and adjoining property owners.

"He stated in said petition that the estate of Loubriel had acquired said property through inheritance from its predecessor in interest, Modesto, who obtained the first estate through inheritance

Loubriel y Cabrera á favor de quien aparece inscrita en el Registro de la Propiedad de esta capital, al folio 149, vuelto del tomo tercero de Bayamón; la segunda por compra á Marcelino Pardo y la tercera por venta que de ella le hiciera Don Esteban Giménez.

*Resultando*: que admitida la información ofrecida con citación del Señor Fiscal, de los anteriores dueños Don Marcelino Pardo y Don Esteban Giménez, y de los colindantes de las mencionadas fincas, sin haberse presentado interrogatorio alguno por el promovente, fueron examinados al tenor de su escrito inicial los testigos Don Pablo Lavandero y Don José Alonso González, vecinos de Bayamón, casados, propietarios, y mayores de edad; cuyas declaraciones juradas constituyén toda la prueba ofrecida por el promovente.

*Resultando*: que los mencionados testigos sólo declaran constarles que las fincas mencionadas pertenecen á la sucesión Loubriel por herencia de su padre Don Modesto, quien las poseyó á nombre propio sin oposición de tercera persona durante más de veinte años, en cuyas mismas condiciones las poseen actualmente sus referidos herederos.

*Resultando*: que nada declaran los indicados testigos, ni se ha ofrecido ninguna otra prueba respecto al modo en que Don Modesto Loubriel adquiriera el dominio de las repetidas fincas, para que pudiera trasmitirlo á sus herederos y sucesores, no habiéndose acreditado tampoco en forma alguna que Don Modesto Loubriel heredara de su hijo Don Alberto Loubriel y Cabrera en todo ó en parte la primera finca á que se contrae su pretensión, ni manifestádose siquiera de quien la hubo Don Alberto para que también se le hubiese citado como anterior poseedor, ya que habiendo muerto aquél su citación personal era imposible.

*Resultando*: que en la sustanciación del expediente se han observado los trámites prescritos por la ley, sin que á la pretensión deducida por el promovente se haya hecho oposición alguna.

*Considerando*: que ésto no obstante, no es dable, acceder á ella por ser de todo punto deficientes las probanzas ofrecidas, toda vez que no se han justificado los títulos en virtud de los cuales adquirió Don Modesto Loubriel las fincas de que se trata, ni siquiera indicándoles sus testigos, que no mencionan á ninguno de los anteriores poseedores, ni tampoco los títulos que tuvieran.

*Considerando*: que si en realidad aparece el dominio de la primera finca inscrito en el Registro de la Propiedad á favor de Don

from his son, Alberto Loubriel y Cabrera, in whose favor it is recorded in the Registry of Property of this city at folio 149, reverse side, of book 3 of Bayamón; the second, by purchase from Marcelino Pardo; and the third, by sale made to him by Esteban Giménez.

"The proposed inquiry having been ordered with a citation of the *Fiscal,* the former owners, Marcelino Pardo and Esteban Giménez, and the adjoining property owners, without the petitioner having presented any interrogatories, the witnesses Pablo Lavandero and José Alonso González, residents of Bayamón, who are married and landowners, of legal age, were examined in accordance with his original petition. Said sworn statements constitute all the evidence offered by the petitioner.

"The witnesses in question confined themselves to testifying that they knew of their own knowledge that the said property belongs to the estate of Loubriel through inheritance from the father, Modesto, who was in possession of it in his own name without opposition on the part of third persons for a period of more than twenty years, and that the said heirs at present hold it under the same conditions.

"That the said witnesses stated nothing, nor has any other evidence been offered, with respect to the manner in which Modesto Loubriel acquired the ownership of the said estates so as to be able to transmit the same to his heirs and successors, and it likewise has not been shown in any way that Modesto Loubriel inherited from his son, Alberto Loubriel y Cabrera, either in whole or in part, the first estate involved in his claim or demand, nor has it even been stated from whom Alberto obtained it, so that said person might also have been cited as the former possessor, inasmuch as Alberto having died it was impossible to cite him personally.

"In the conduct of these proceedings the formalities prescribed by law have been observed, and no opposition has been made to the claim or demand made by the petitioner.

"Notwithstanding this fact, however, it is not possible to accede to said claim for the reason that the evidence submitted is wholly deficient, inasmuch as the titles have not been established by virtue of which Modesto Loubriel acquired the estates in question, nor have they even been indicated by his witnesses, who do not mention any of the former possessors, nor the titles which they held.

"If, as a matter of fact, the ownership of the first piece of property is recorded in the Registry of Property in favor of Alberto Lou-

Alberto Loubriel y Cabrera, acreditando en dicho registro que su padre Don Modesto fué su único heredero y que por el fallecimiento del último lo han heredado á su vez sus seis hijos al principio mencionados, eso basta para que á favor de los últimos se inscriba el dominio de la expresada finca, sin que proceda que lo ordene este Tribunal, siendo así que por el contrario, el espiritu y letra de la Ley Hipotecaria se opone á la sustanciación de expedientes de esta naturaleza para obtener la inscripción de un dominio ya inscrito en el Registro de la Propiedad.

*Considerando*: por último que la mera posesión de veinte ni de veinte y un años sin buena fé y justo título de adquisición, no es suficiente para prescribir el dominio de los bienes inmuebles: pues la ley exige en tal caso el transcurso de treinta años á lo menos.

Vistas las disposiciones de la Ley Hipotecaria y del Código Civil aplicables al caso: se declara que la sucesión de Don Modesto Loubriel, en cuyo nombre ha promovido y seguido este expediente Don Manuel Loubriel, no ha justificado haber adquirido por ninguno de los medios que la ley reconoce el dominio de las fincas á que se contrae su pretensión, la que por lo mismo se declara sin lugar.

Lo acordó y firma el Tribunal; certifico. Frank H. Richmond, José Tous Soto. El Juez Presidente Don Juan Morera Martínez votó en sala y no firma por ausencia: Frank H. Richmond. Luis Méndez Vaz.''

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos y que elevados los autos á esta superioridad con citación y emplazamiento de las partes y personada la apelante, se dió al recurso la tramitación correspondiente, señalándose día para la vista, á cuyo acto sólo asistió el Señor Fiscal de este tribunal que impugnó el recurso.

Abogado de los apelantes: *Señor Monserrat.*

Abogado del Pueblo: *Señor del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

briel y Cabrera, it being proven in said Registry that his father, Modesto, was his only heir, and that, by the death of the latter, his children first above mentioned have inherited it, that is a sufficient reason for recording the ownership of the said estate in their favor, without the necessity of its being ordered by this court, the fact being, on the contrary, that the spirit and letter of the Mortgage Law are opposed to proceedings of this nature for obtaining the record of the ownership of property which is already recorded in the Registry of Property.

"Finally, mere possession for twenty or twenty-one years, without good faith and a proper title of acquisition, is not sufficient to acquire the ownership of real estate by prescription, since in such case the law requires the lapse of at least thirty years.

"Having examined the provisions of the Mortgage Law and the Civil Code applicable to the case, it is declared that the estate of Modesto Loubriel, on behalf of which this proceeding has been instituted and maintained by Manuel Loubriel, has failed to show by any of the means recognized by law the ownership of the pieces of property involved in his demand, which is accordingly rejected.

"It was so ordered and signed by the court, to which I certify. Frank H. Richmond, José Tous Soto. The Chief Justice Juan Morera Martínez voted in open court, and does not sign by reason of absence. Frank H. Richmond.—Luis Méndez Vaz."

From this judgment the counsel for the petitioner took an appeal, which was allowed for a review and a stay of proceedings, and the record having been sent up to this court with a citation of the parties, and the appellant having appeared, the proper proceedings were had and a day set for the hearing, at which only the *Fiscal* of this court was present and opposed the appeal.

*Mr. Monserrat,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted.

Considering the evidence taken, and which is confined to

*Considerando*: que apreciadas las pruebas practicadas y que se reducen al testimonio de dos testigos que han declarado en estos autos, no es posible declarar que la sucesión de Don Modesto Loubriel haya justificado el dominio de los inmuebles de que se trata en el presente informativo, toda vez que no se acredita el tiempo que llevan en posesión los promoventes; y si bien los dos testigos presentados declaran que Don Modesto Loubriel poseyó por más de veinte años, sin oposición de tercera persona, esa circunstancia por sí sola no es suficiente para adquirir el dominio de los bienes inmuebles, por la prescripción ordinaria, que es la que sirve de fundamento á la solicitud, puesto que además de la posesión por el tiempo que requiere la ley, se exigen la buena fe. y el justo título, requisito este último que no se presume, y es necesario probarlo, y que en el presente caso no se ha justificado, pues los testigos no expresan el título en virtud del cual hubiera adquirido esos inmuebles el difunto Don Modesto Loubriel, de quien se dice que los heredaron los promoventes, y por consiguiente, no es posible acceder á la declaratoria de dominio que se interesa.

*Vistos* los artículos 395 de la vigente Ley Hipotecaria y 1940, 1952, 1953 y 1954 del antiguo Código Civil, y la Orden Judicial de 4 de Abril de 1899.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

the testimony of the two witnesses who testified in this case, it is not possible to hold that the estate of Modesto Loubriel has established the ownership of the real estate involved in the present proceeding, inasmuch as it is not shown for what length of time the petitioners have been in possession; and although the two witnesses produced declare that Modesto Loubriel was in possession for more than twenty years, without opposition on the part of third persons, that circumstance in itself is not sufficient to acquire the ownership of real property by ordinary prescription, which is that which serves as the basis of the petition. In addition to the possession for the time required by law, good faith and a proper title are required, this latter being a requisite which is not presumed and it is necessary to prove it, and that has not been done in the present case, since the witnesses do not state the nature of the title by virtue of which the said property was acquired by the deceased Modesto Loubriel, from whom it is alleged that the petitioners inherited it, and therefore it is not possible to make the declaration of ownership applied for.

Having examined article 395 of the Mortgage Law in force, and articles 1940, 1952, 1953 and 1954 of the old Civil Code, and the Judicial Order of April 4, 1899, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.